IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHANE COREY GRIFFIN,

      Petitioner,

v.                                   CASE NO. 1:11-cv-165-SPM-GRJ

STATE OF FLORIDA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner's "Motion For Post-Conviction Relief," which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 5.)  Petitioner began this case by filing what he styled as a "Complaint For Writ Of Habeas Corpus Or In The Alternative Writ Of Mandamus," which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1.) Petitioner also filed another document entitled "Complaint: Unlawful Illegal Government Conduct."  (Doc. 4.)  Petitioner has not paid the filing fee or filed a motion to proceed *in forma pauperis*.

For the reasons discussed below it is **RECOMMENDED** that Petitioner's petitions for a writ of habeas corpus (Docs. 1 and 5) be **DISMISSED** for failure to exhaust and under Younger v. Harris.

## I.  BACKGROUND AND FACTS

The situation in which Petitioner finds himself began with an armed robbery attempt on Petitioner's house that occurred on August 2, 2010.  Petitioner reported the attempted robbery to the Gainesville Police Department ("GPD") and he was contacted by GPD in the course of GPD's investigation of the armed robbery.  When GPD

discovered Petitioner's criminal history in the course of investigating the robbery

attempt, Petitioner claims GPD then labeled him a drug dealer and cooperated with the

perpetrators of the armed robbery attempt against Petitioner in a conspiracy against

Petitioner.

Petitioner specifically alleges he was later provoked by one of the armed robbers

into committing a crime he had no prior intention of committing.  The armed robber, who

also served as a GPD confidential informant, called Petitioner on the telephone in an

unsuccessful attempt to buy marijuana from Petitioner.  After Petitioner refused to take

the confidential informant's telephone calls, Petitioner states GPD allowed the

confidential informant to come to Petitioner's residence without Petitioner's permission

for the confidential informant to purchase marijuana from Petitioner.  This transaction

between Petitioner and the confidential informant allegedly formed the basis of state

criminal proceedings against Petitioner.

Petitioner was arrested on October 14, 2010 and was placed in custody subject

to a $50,000 bond.  He was charged in the Circuit Court for the Eighth Judicial Circuit in

and for Alachua County on one count of trafficking in illegal drugs, one count of

possession of more than 20 grams of cannabis, one count of possession of drug

paraphernalia, one count of felony driving while his license had been revoked, one

count of witness tampering and one count of solicitation to commit perjury in an official

proceeding.  Petitioner pled guilty[1] and was convicted on September 14, 2011 on one

---

[1] Petitioner's most recent filing in this case, the Motion For Post-Conviction Relief, confusingly contains a notation that he entered a guilty plea to each of the charges but also states he had a jury trial on those counts.  (Doc. 5 at 2.)  It appears Petitioner went to trial on at least some of the counts, as he mentions several events occurring at his trial, including a charge given to the jury, the appearance of GPD Detective Bennie Smith as a surprise witness at the trial and statements made by several witnesses at his

count of trafficking in illegal drugs, one count of possession of more than 20 grams of cannabis, one count of possession of drug paraphernalia, one count of felony driving while his license had been revoked, one count of witness tampering and one count of solicitation to commit perjury in an official proceeding.  He was scheduled to be sentenced on September 23, 2011 but did not provide any information as to the length of the sentence he was given in relation to these charges.  Petitioner also states he has filed a direct appeal with respect to the witness tampering count, but has yet to appeal his conviction on any of the other five charges.

## II.  STANDARD OF REVIEW

Rule 4 of the Rules Governing Habeas Corpus Petitions provides "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it."  Rule 4, Rules Governing Habeas Corpus Petitions under § 2254.  The Rule further provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Id.

## III.  DISCUSSION

Petitioner has filed two petitions for a writ for habeas corpus (Docs. 1 and 5) and a complaint in which he appears to be attempting to bring a claim under 42 U.S.C. § 1983.  (Doc. 4.)  The Court has reviewed both habeas petitions and determines they should be dismissed because Petitioner failed to exhaust the grounds presented in

---

trial.  (*Id.*)  Accordingly, at this point, it is impossible to determine whether Petitioner actually went to trial and was convicted on each of the charges or whether he instead entered a guilty plea to each of those charges and was then convicted based on his guilty plea.

each petition.  Petitioner also cannot bring claims under 42 U.S.C. § 1983 in the same action in which he files a writ of habeas corpus.

**A**.    **Petitioner's Petitions For A Writ Of Habeas Corpus**

As a preliminary matter, Petitioner has filed two separate documents in which he asks the Court to release him from what he contends is illegal detention.  The Court construes both documents as petitions for a writ of habeas corpus, one under 28 U.S.C. § 2241 and the other under 28 U.S.C. § 2254.

**1.    Section 2254's Exhaustion Requirement**

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted.  Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999).  Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to

properly present the claim and actual prejudice from the default, or (2) that a

fundamental miscarriage of justice would result if the claim were not considered.  Id. at

1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional

violation has probably resulted in the conviction of one who is actually innocent."  Ward

v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010).  To state a credible claim of actual

innocence, a petitioner must present new reliable evidence that was not presented at

trial showing that "it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt."  Schlup v. Delo, 513 U.S. 298, 324 (1995).

**2.    Petitioner's Complaint For Writ Of Habeas Corpus Or In The Alternative Writ Of Mandamus**

In his Complaint For Writ Of Habeas Corpus Or In The Alternative Writ Of

Mandamus, Petitioner complains he is being detained illegally and seeks "speedy relief

from being illegally restrained."  (Doc. 1 at 7.)  Petitioner's Complaint For Writ Of

Habeas Corpus Or In The Alternative Writ Of Mandamus appears to have been filed

while Petitioner was in pre-trial detention awaiting the resolution of the pending state

criminal proceedings against him.[2]  He describes a conspiracy to violate his Fourth

Amendment rights by the GPD and the state prosecutor in his state court criminal

proceedings.  The nature of the relief Petitioner seeks is his release from pre-trial

detention.  This petition is due to be dismissed for failure to exhaust as well as pursuant

---

[2] Because it was filed while he was in pre-trial detention, the Complaint For Writ Of Habeas Corpus Or In The Alternative Writ Of Mandamus would be construed as a petition under 28 U.S.C. § 2241, as Petitioner was not in custody pursuant to the judgment of a Florida state court when he filed the petition.  Hiteshaw v. Butterfield, 262 Fed. Appx. 162, 164 (11th Cir. 2008)(per curiam)(The petitioner, "as a pre-trial detainee, [wa]s not in custody pursuant to any state court judgment, and his habeas petition should have been treated as a § 2241 petition.").

to the <u>Younger v. Harris</u> abstention doctrine.

### a.    Petitioner's Failure To Exhaust

Petitioner's Complaint For Writ Of Habeas Corpus Or In The Alternative Writ Of Mandamus is due to be dismissed for Petitioner's failure to exhaust the ground asserted in the petition.  Section 2254's exhaustion requirement applies to any grounds asserted in a petition brought under section 2241.  <u>See</u> <u>Dill v. Holt</u>, 371 F.3d 1301, 1303 (11th Cir. 2004)("Even though [petitioner] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement.").  Petitioner failed to exhaust the illegal detention claim in his Complaint For Writ Of Habeas Corpus Or In The Alternative Writ Of Mandamus.  Petitioner does not allege he has filed any motion with the Florida state courts regarding this claim.  Indeed, Petitioner filed the instant complaint while he was a pre-trial detainee and before his trial had taken place.  Accordingly, Petitioner's Complaint For Writ Of Habeas Corpus Or In The Alternative Writ Of Mandamus (Doc. 1) should be **DISMISSED** for failure to exhaust.

### b.    The Court Must Also Abstain From Considering Petitioner's Illegal Detention Claim Pursuant To <u>Younger v. Harris</u>

This Court must also abstain from passing on Petitioner's illegal detention claim pursuant to the <u>Younger v. Harris</u> abstention doctrine.  401 U.S. 37 (1971).  "Under <u>Younger v. Harris</u> and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances."  <u>Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.</u>, 124 F.3d 1258, 1261 (11th Cir. 1997).  <u>Younger</u> was concerned with the equitable restraint by federal courts of state court

criminal proceedings that had yet to run their course and was "founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."  Hughes v. Att'y Gen. Of Florida, 377 F.3d 1258, 1264 n.7 (11th Cir. 2004).  The exceptions to Younger are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised.  Id. at 1263 n.6.

Although Petitioner suggests he is being illegally detained in a conspiracy between the GPD and state court prosecutor in his state court criminal proceedings, none of the Younger exceptions apply in this case.  Petitioner has an adequate opportunity to advance his Fourth Amendment claim as to the legality of his arrest and the legality of his pre-trial detention in the state court criminal proceedings.  Any interference by this in those state court criminal proceedings would defy the "strong federal policy against federal-court interference with pending state judicial proceedings" expressed by the Supreme Court in Younger.  Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).  Other federal courts considering similar claims as those advanced by the Petitioner have also declined to exercise jurisdiction over such claims under Younger v. Harris.  Suggs v. Brannon, 804 F.2d 274, 279 (4th Cir. 1986) (pre-trial detainees' claims to enjoin state bail practices was barred by Younger abstention); Mounkes v. Conklin, 922 F. Supp. 1501, 1510-13 (D. Kan. 1996)(Younger barred consideration of Petitioners' federal constitutional claims regarding their state bail bond proceedings); Fuller v. Denning, No. 08-3231-SAC, 2008

WL 4543032, at *1 (D. Kan. Oct. 1, 2008)(Court abstained pursuant to Younger on a

pre-trial detainee's claim that three state court judges violated his rights under federal

law by denying him bail on non-capital offenses in three separate cases).

Accordingly, for these reasons, Petitioner's Complaint For Writ Of Habeas

Corpus Or In The Alternative Writ Of Mandamus should also be **DISMISSED** pursuant

to Younger v. Harris.

### 3.    Petitioner's Motion For Post-Conviction Relief

Petitioner also filed a Motion For Post-Conviction Relief, dated September 23,

2011.[3]  (Doc. 5.)  In his Motion for Post-Conviction Relief, Petitioner states he is filing

the motion pursuant to FLA. R. CRIM. P. 3.850.  Petitioner seeks to bring seven habeas

claims, including the failure to disclose evidence favorable to Petitioner and ineffective

assistance of counsel.  In his Motion for Post-Conviction Relief, Petitioner requests this

Court to order a new trial, appoint a new attorney and a different prosecutor "to avoid

any prejudicial violations of [his] rights to a fair trial and equal protection of the law."

(Doc. 5 at 6.)

Petitioner has not exhausted any of the grounds presented in his Motion For

Post-Conviction Relief, because he has not given the Florida state courts any

---

[3]  The Motion For Post-Conviction Relief, confusingly contains a notation that he entered a guilty plea to each of the charges but also states Petitioner had a jury trial on those counts.  (Doc. 5 at 2.)  It appears Petitioner went to trial on at least some of the counts, as he mentions several events occurring at his trial, including a charge given to the jury, the appearance of Detective Smith as a surprise witness at the trial and statements made by several witnesses at his trial.  (Id.)  Accordingly, at this point, it is impossible to determine whether Petitioner actually went to trial and was convicted on each of the charges or whether he instead entered a guilty plea to each of those charges.  Either way, it appears Petitioner has indeed been convicted of those charges.  Whether that conviction took place as a result of a trial or a guilty plea is immaterial. In either event Petitioner's petition would fit under 28 U.S.C. § 2254 because he would be "in custody pursuant to the judgment of a State court" as required under section 2254.

opportunity, let alone a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).   In Petitioner's Motion For Post-Conviction Relief, Petitioner states he filed a direct appeal of his conviction on the witness tampering charge but has not yet appealed his conviction of any of the other charges.  It is therefore apparent that Petitioner has not presented any of the grounds asserted in the motion to the proper state court on either direct appeal or on collateral review.  Accordingly, because Petitioner's trial has just concluded and he is currently waiting to be sentenced on the charges, it is evident Petitioner has not yet presented any of the seven grounds in the instant motion for review by the appropriate state court on direct appeal or to the appropriate state court for collateral review after exhausting the available avenues of direct review of his convictions.  Petitioner's Motion For Post-Conviction Relief (Doc. 5) is, therefore, due to be **DISMISSED** because Petitioner failed to exhaust the grounds presented in his motion.

**B.      Petitioner's Complaint With Respect To Unlawful Government Conduct**

        Petitioner also filed a document entitled "Complaint: Unlawful Illegal Government Conduct" on the docket under this case number.  (Doc. 4.)  In this complaint, Petitioner names Detective Bennie Smith, the GPD officer who investigated the armed robbery of Petitioner's home, and Brian Kramer, the prosecutor in his state court proceedings, as defendants in a claim under 42 U.S.C. § 1983 for violation of Petitioner's rights under the Fourth and  Fourteenth Amendments.  On the first page of his Complaint: Unlawful Illegal Government Conduct Plaintiff requests damages in tort for the conduct of

defendants. While Petitioner's complaint is defective because a tort claim cannot be brought under section 1983, Plaintiff complaint is due to be dismissed for an even more fundamental reason. That is –  Petitioner cannot bring a claim for damages under 42 U.S.C. § 1983 in a habeas petition.  See, e.g., Davis v. Hart, No. CV509-063, 2010 WL 3292178, at *3 (S.D. Ga. May 10, 2010)(petitioner could not bring federal constitutional claims under 42 U.S.C. § 1983 in section 2241 petition).  Accordingly, to the extent Petitioner wishes to bring claims against Smith and Kramer under section 1983 for constitutional violations, Petitioner must file a separate lawsuit.[4]

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Petitioner's "Motion For Post-Conviction Relief" (Doc. 5) and Petitioner's "Complaint For Writ Of Habeas Corpus Or In The Alternative Writ Of Mandamus" (Doc. 1) should be **DISMISSED** as unexhausted and pursuant to Younger v. Harris.

**IN CHAMBERS** in Gainesville, Florida, on September 29, 2011.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

---

[4] To the extent Petitioner wishes to bring a claim against Kramer, such a claim would be barred by absolute prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages for activities that are intimately associated with the judicial phase of the criminal process.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  This immunity extends to every action a prosecutor takes while performing his function as an advocate for the government.  Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002).  Petitioner alleges Kramer violated his federal constitutional rights by the charges Kramer brought against Petitioner.  This is a quintessential prosecutorial act for which Kramer would be covered by absolute immunity.  Kalina v. Fletcher, 522 U.S. 118, 129 (1997).  Furthermore, even if Petitioner were correct in arguing Kramer deliberately charged Petitioner in order to keep Petitioner from bonding out, then that act would still be barred by absolute immunity.  Hart v. Hodges, 587 F.3d 1288, 1298 (11th Cir 2009)(absolute immunity can still cover "even wrongful or malicious acts by prosecutors").

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.